**IN THE DISTRICT COURT OF MONTGOMERY COUNTY, MARYLAND**

California Casualty Indemnity Exchange *
P.O Box 39700 *
Colorado Springs * Trial by ~~Jury Demand~~ striken 11-12-14 9R6
CO, 80949 *
*
PLAINTIFF/COUNTER-DEFENDANT * 0602-5340-2014
*
*
V. * Previously CASE NUMBER 050200153352014
*
JOSEPHAT MUA *
2332 LONDON BRIDGE DR. *
SILVER SPRING, MD 20906 *
*
AND *
*
FRANCOISE VANDENPLAS *
2332 LONDON BRIDGE DR. *
SILVER SPRING, MD 20906 *
*
DEFENDANTS/COUNTER-PLAINTIFFS *

RECEIVED
2014 OCT 31 PM 3:55
DISTRICT COURT #6

striken 11-12-14 9R6

**ANSWER AND ~~COUNTERCLAIM~~**

NOW COMES Defendants/Counter-Plaintiffs Josephat Mua and Francoise Vandenplas (hereinafter referred to as "Defendants/Counter-Plaintiffs), pro se, and respectfully, pursuant to MD Rule 3-331, responds to Plaintiff California Casualty Indemnity Exchange's (hereinafter referred to as "Plaintiff/Counter-Defendant) Complaint with the following:

1. That Defendants/Counter-Plaintiffs denies owing any debt to the Plaintiff/Counter-Defendant Plaintiff California Casualty Indemnity Exchange with regards to any services alleged to have been executed by the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange; and
2. That Defendant/Counter-Plaintiffs did in fact incur expenses which were not covered by Allstate insurance.
3. Plaintiff/Counter-Defendant Plaintiff California Casualty Indemnity Exchange failed to notify the Defendants/Counter-Plaintiffs of insurance termination which was done

maliciously and without warning to the Defendants/Counter-Plaintiffs in the middle of difficult economic times.

4. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange ignored or refused to perform services or assist the defendants/counter-plaintiffs for which the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange was contractually obligated.

**PRELIMINARY STATEMENT**

On August 26th, 2011, Defendant Francoise Vandenplas was involved in a car accident. Defendant is very lucky to be alive. She was the third car stopped at a red light. Another driver rear ended her, without breaking at all at a high speed. The impact was so strong, it pushed her car into the 2nd car and the 2nd car was pushed into the 1st car which were all stopped in the red light. It could have been tragic if 1st car had been pushed into incoming traffic. The responsible driver who caused this accident told the Defendant Francoise that "it was not his only accident." Defendants had not been planning this car accident. This was a huge financial loss for the defendants. At first the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange said it would fix the car. Later retracted and said the car was totaled. At that point Defendants/Counter-Plaintiffs had not been looking for another car. Defendants/Counter-Plaintiffs needed to do research and bargain for a better price in the midst of sudden change. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange promised to reimburse car rental or assist with reimbursement but later refused to return calls. Defendants/Counter-Plaintiffs wanted the same make of the car they had (Toyota RAV4) but the car was not easily available due to 2011 Tōhoku earthquake and tsunami in Japan which affected production. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange chose not to assist the Defendants despite the obligations to do so according to Maryland law. Defendants were not at fault. Defendant Francoise Vandenplas was stopped at a red light. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange issued the Defendants/Counter-Plaintiffs a check for $5,000 without an explanation. Defendants/Counter-Plaintiffs retained the check for 3 months which expired and worked with a lawyer who told them to cash the check. Defendant Josephat Mua contacted the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange concerning the uncashed check and reimbursement of rental car expenses which totaled more than $1,000 and the Defendants/Counter-Plaintiffs was issued a new check for $5,000 without any explanations.

**PARTIES:**

5. That, Plaintiff/Counter-Defendant California Casualty Indemnity Exchange is a corporation registered in the State of Maryland. It is engaged in the business of providing insurance coverage throughout the state of Maryland.
6. That, Defendants Josephat Mua and Francoise Vandenplas are residents of Montgomery County in the state of Maryland.

**COUNT ONE:**

**BREACH OF CONTRACT**

7. The Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 6, as if set forth fully.

8. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, did not properly assist the Defendants when they needed help within the prescribed period after the accident occurred. The Defendants/Counter-Plaintiffs submitted the appeal timely for assistance with the damaged car.

9. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, abruptly canceled the Defendants/Counter-Plaintiffs' insurance in the absence of any notice, whether that be written or oral. The Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff/Counter-Defendant notice of their intent to cancel Defendant/Counter-Plaintiffs' insurance;

10. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Defendants/Counter-Plaintiffs notice prior to the cancellation of Defendants /Counter-Plaintiffs' insurance;

11. As a direct result of the Plaintiff/Counter-Defendant California Casualty Indemnity

Exchange's abrupt cancellation of Defendants/Counter-Plaintiffs' automobile insurance, the Defendants/Counter-Plaintiffs were forced to acquire new automobile insurance. The Defendants/Counter-Plaintiffs' premium rate with the Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange was approximately $101.00. After the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelled the Defendants/Counter-Plaintiffs' automobile insurance, the Defendants/Counter-Plaintiffs purchased insurance with Progressive, which caused the Defendants/Counter-Plaintiffs to incur premium rate in the amount of $241.00. Thus, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's conduct exposed the Defendants/Counter-Plaintiffs to an additional monthly payment of $140;

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant California Casualty Indemnity Exchange on the count of Breach of Contract and seek compensatory damages in the amount of $250,000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately by Plaintiff's misconduct. Plaintiff's action was cause of the Defendant's harm and discernible injury. In addition, Defendants also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter.

**COUNT TWO**

**<u>BREACH OF DUTY</u>**

The Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 11, as if set forth fully.

12. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, did not act in the best interest of his/her clients (Defendants Josephat Mua and Francoise Vandenplas). Defendants requested assistance with the rental car and help in resolving the dispute with the personalities

who caused the accident. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange refused to return calls and the customer service was below expectation.

13. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, abruptly canceled the Defendants/Counter-Plaintiffs' insurance in the absence of any notice, whether that be written or oral. The Plaintiff/Counter-Defendant had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff/Counter-Defendant notice of their intent to cancel Defendant/Counter-Plaintiffs' insurance;

14. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Defendants/Counter-Plaintiffs notice prior to the cancellation of Defendants/Counter-Plaintiffs' insurance;

15. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelling of automobile insurance was intentional act and was negligent.

16. As a direct result of the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's abrupt cancellation of Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs were forced to acquire new insurance. The Defendants/Counter-Plaintiffs' premium rate with the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange was approximately $101.00. After the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelled the Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs purchased insurance with Progressive, which caused the Defendants/Counter-Plaintiffs to incur premium rate in the amount of $241.00. Thus, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's conduct exposed the Defendants/Counter-Plaintiffs to an additional monthly payment of $140.00

who caused the accident. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange refused to return calls and the customer service was below expectation.

13. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, abruptly canceled the Defendants/Counter-Plaintiffs' insurance in the absence of any notice, whether that be written or oral. The Plaintiff/Counter-Defendant had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff/Counter-Defendant notice of their intent to cancel Defendant/Counter-Plaintiffs' insurance;

14. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Defendants/Counter-Plaintiffs notice prior to the cancellation of Defendants/Counter-Plaintiffs' insurance;

15. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelling of automobile insurance was intentional act and was negligent.

16. As a direct result of the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's abrupt cancellation of Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs were forced to acquire new insurance. The Defendants/Counter-Plaintiffs' premium rate with the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange was approximately $101.00. After the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelled the Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs purchased insurance with Progressive, which caused the Defendants/Counter-Plaintiffs to incur premium rate in the amount of $241.00. Thus, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's conduct exposed the Defendants/Counter-Plaintiffs to an additional monthly payment of $140.00

**IN THE DISTRICT COURT FOR MONTGOMERY COUNTY, MARYLAND CIVIL DIVISION**

ENTERED
OCT 20 '14
LI

| | | |
|---|---|---|
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE | * | |
| PLAINTIFF | * | |
| V. | * | CASE NUMBER 060200053402014 |
| FRANCISE VANDERPLAS, ET AL. | * | |
| DEFENDANTS | * | |

ENTERED
OCT 20 '14
LI

trial Date = 12/10/14

*****************************************************************************

ORDER REGARDING DEFENDANTS' RESPONSE TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR SANCTIONS PLUS DEFENDANT'S MOTION FOR PROTECTIVE ORDER OR SCHEDULE A HEARING IN THE ALTERNATIVE

UPON CONSIDERATION of DEFENDANTS' RESPONSE TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR SANCTIONS PLUS DEFENDANT'S MOTION FOR PROTECTIVE ORDER OR SCHEDULE A HEARING IN THE ALTERNATIVE, it is this 24 day of October 2014, by the District Court For Montgomery County, Maryland Civil Division ~~hereby:~~ is denied

~~ORDERED: Plaintiff's Motion to Compel answers to Interrogatories and sanctions is denied.~~

~~ORDERED: That Defendants Motion for Protective order is granted in the instant matter; or~~

~~ORDERED: That this matter is scheduled for a hearing on the ____ day of ____________________ 2014.~~

________________________
**Judge**

Copies Sent To:

Josephat Mua
Francoise Vandenplas
2332 London Bridge Road
Silver Spring, MD 20906

Joel Seledee, Esq.
One Charles Street Suit 2300
Baltimore, MD 21201

COPY MAILED 11-5-14 date ATP & def

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant California Casualty Indemnity Exchange on the count of Breach of Duty and seek compensatory damages in the amount of $250, 000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately by Plaintiff's misconduct.

In addition, Defendants also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter.

**COUNT THREE**
**NEGLIGENCE**

17. The Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 16, as if set forth fully
18. That as Defendants/Counter-Plaintiffs' insurer, the Plaintiff/Counter-Defendant had an ongoing duty to both comply with the policy and governing statutes of the State of Maryland with regards to affording notice to the Defendants/Counter-Plaintiffs prior to the cancellation of any and all insurance. Despite that duty, the Plaintiff/Counter-Defendant executed cancellation of the Defendants/Counter-Plaintiffs' automobile insurance in the absence of any notice. The Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's conduct amounted to a breach that was the proximate and/or direct cause of the Defendants/Counter-Plaintiffs' retention of alternative automobile insurance, which subjected the Defendants/Counter-Plaintiffs to an additional monthly payment of $140.00, which commenced in September of 2012 to the present. Further, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's abrupt cancellation of Defendants/Counter-Plaintiffs' automobile insurance was the proximate cause of considerable agony and frustration on the part of the Defendants/Counter-Plaintiffs.

**WHEREFORE,** Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant California Casualty Indemnity Exchange on the count of negligence and seek compensatory damages in the amount of $250,000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately

by Plaintiff's misconduct. Plaintiff's action was cause of the Defendant's harm and discernible injury. Defendants/Counter-Plaintiffs further seeks additional damages in the amount of $140.00 and additional civil penalties for every month from September 2012 until the resolution of this matter brought on directly and proximately by Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's misconduct.

**COUNT IV**

**UNFAIR DISCRIMINATION IN TERMINATION PROVISIONS**

The Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 18, as if set forth fully.

19. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, did not act in the best interest of his/her clients (Defendants Josephat Mua and Francoise Vandenplas).

20. That, Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange violated 2010 Maryland Code INSURANCE TITLE 27 - UNFAIR TRADE PRACTICES AND OTHER PROHIBITED PRACTICES.

21. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, abruptly canceled the Defendants/Counter-Plaintiffs' insurance in the absence of any notice, whether that be written or oral because of Defendant Josephat Mua's National origin. The Plaintiff /Counter-Defendant California Casualty Indemnity Exchange had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange notice of their intent to cancel Defendant/Counter-Plaintiffs' automobile insurance;

22. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange had an obligation, whether by statute or the policy that governed their issuance and maintenance of insurance, to provide the Defendants/Counter-Plaintiffs notice prior to the cancellation of

Defendants/Counter-Plaintiffs' insurance;

23. Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelling of automobile insurance was intentional act and was negligent because Defendants/Counter-Plaintiff was of a different National origin (Kenyan). This occurred shortly after uncomfortable conversation with an agent of Plaintiff/Counter-Defendant California Casualty Indemnity Exchange concerning the $5,000 check.

24. That, Plaintiff/Counter-Defendant California Casualty Indemnity Exchange violated section 5 of The National Association of Insurance Commissioners (NAIC).

25. That, NAIC is the U.S. standard-setting and regulatory support organization created and governed by the chief insurance regulators from the 50 states, the District of Columbia and five U.S. territories.

26. That, Section 5 of NAIC as well as Maryland law states the following " An insurance shall not terminate a policy because of the insured's race, color, creed, national origin, ancestry, gender, sexual orientation or marital status.

27. That, Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelled insurance without any notice whatsoever and with malice based on his national origin. Section 8 of NAIC states a notice must be given.

28. As a direct result of the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's abrupt cancellation of Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs were forced to acquire new insurance. The Defendants/Counter-Plaintiffs' premium rate with the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange was approximately $101.00. After the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange cancelled the

Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs purchased insurance with Progressive, which caused the Defendants/Counter-Plaintiffs to incur premium rate in the amount of $241.00. Thus, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange's conduct exposed the Defendants/Counter-Plaintiffs to an additional monthly payment of $140;

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant California Casualty Indemnity Exchange on the count of unfair Discrimination in termination provisions and seek compensatory damages in the amount of $250, 000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately by Plaintiff's misconduct.

In addition, Defendants also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter.

## COUNT V

## IMPROPER TERMINATION PRACTICE

29. The Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 28, as if set forth fully.

30. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange, cancelled the automobile insurance and violated Code of Maryland Regulation 31.15.09.02 which is part of Title 31 MARYLAND INSURANCE ADMINISTRATION Subtitle 15 UNFAIR TRADE PRACTICES.

31. Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange engaged in an improper termination practice. , abruptly canceled the Defendants/Counter-Plaintiffs' insurance in the absence of any notice, whether that be written or oral. The Plaintiff/Counter-Defendant had an obligation pursuant to Code of Maryland Regulation 31.08.03.04 to provide the Plaintiff/Counter-Defendant notice of their intent to cancel Defendant/Counter-Plaintiffs' insurance;

32. As a direct result of the Plaintiff/Counter-Defendant's abrupt cancellation of

Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs were forced to acquire new insurance and they suffered damages. The Defendants/Counter-Plaintiffs' premium rate with the Plaintiff/Counter-Defendant was approximately $101.00. After the Plaintiff/Counter-Defendant cancelled the Defendants/Counter-Plaintiffs' insurance, the Defendants/Counter-Plaintiffs purchased insurance with Progressive, which caused the Defendants/Counter-Plaintiffs to incur premium rate in the amount of $241.00. Thus, the Plaintiff/Counter-Defendant's conduct exposed the Defendants/Counter-Plaintiffs to an additional monthly payment of $140.00;

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant on the count of Improper termination practice and seek compensatory damages in the amount of $250, 000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately by Plaintiff's misconduct.

In addition, Defendants also seek $140 and additional civil penalties for every month from September 2012 until the resolution of this matter.

**COUNT VI**

**UNJUST ENRICHMENT**

33. That Defendants/Counter-Plaintiffs incorporates by reference and reasserts and religious herein the matters contained in paragraphs 1 through 32, as if set forth fully
34. That Defendants/Counter-Plaintiffs invested at least $101/monthly for automobile services since retaining Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange. Despite such, the Plaintiff/Counter-Defendant, California Casualty Indemnity Exchange has ignored their obligations under the governing contract.
35. In light of such, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange has been accruing the benefit of the payments disbursed by the Defendants/Counter-Plaintiffs in the absence of affording the Defendants/Counter-Plaintiffs the coverage as contemplated by the contract.

**WHEREFORE**, Defendants/Counter-Plaintiffs respectfully request that this Court award judgment against Plaintiff/Counter-Defendant on the count of Unjust Enrichment and seek compensatory damages in the amount of $250, 000 for the Defendants/Counter-Plaintiffs' pain and suffering that was brought on directly and proximately by Plaintiff's misconduct. Defendants/Counter-Plaintiffs respectfully seeks a full return of any and all payments disbursed by the Defendants/Counter-Plaintiffs to the Plaintiff.

## CONCLUSION

As asserted above, the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange has engaged in egregious behavior that has proved unduly detrimental to the Defendants/Counter-Plaintiffs in the midst difficulty unemployment and recession period involving discrimination conduct. As such, the Defendants/Counter-Plaintiffs seek judgments against the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange as plead in the separate counts and award the damages as plead in the separate counts and in the prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendants/Counter-Plaintiffs prays this Honorable Court for the following relief:

I. The Defendants/Counter-Plaintiffs seeks judgment**, in all counts,** against the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange in the full amount of his damages in an amount to be proven at trial, and for the amounts as sought out in this Complaint, plus pre and post judgment interest, costs. Defendants/Counter-Plaintiffs seeks each damage as sought in the counts, whether compensatory or punitive, to be awarded separately and distinctly;

II. A preliminary and permanent injunction against the Plaintiff/Counter-Defendant California Casualty Indemnity Exchange and their directors, officers, owners, agents, successors, employees and representatives, and any all persons acting in concert with them, from engaging in each of the unlawful practices, improper activities and practices, policies,

customs and usages set forth herein;

III. An order awarding declaratory relief as requested herein and as the Court deems appropriate;

IV. An order awarding restitution and/or disgorgement of profits;

V. Judgment against Plaintiff/Counter-Defendant California Casualty Indemnity Exchange in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

VI. Interest due on all payments disbursed;

VII. Reasonable attorney's fee and costs of this action incurred while consulting on these matters;

VIII. Any other relief this Honorable Court deems just and proper to award.

IX. And all such further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants/Counter-Plaintiffs Requests a Trial by Jury on all Issues.

Respectfully Submitted,

Josephat Mua, Pro se Litigant
Francoise Vandenplas
2332 London Bridge Dr
Silver Spring Md 20906
Tel: 301-919-4939

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT'S ANSWER AND COUNTERCLAIM was submitted via Electronic Mail, Registered U.S mail and by process server on Friday, October 31, 2014 and served to the following:

Joel Seledee, Esq.
One Charles Street
Suit 2300
Baltimore, MD 21201

Josephat Mua, Pro Se Litigant
Francoise VandenPlas

**DISTRICT COURT OF MARYLAND**
District Six

**GARY EVERNGAM**
Judge

191 E. Jefferson Street.
Rockville, MD 20850

11-12-14

The counterclaims and jury demand are stricken because:

1. Not filed 10-31-14 per J. Moffat's order of 10-21-14
2. Counterclaim exceeds the jurisdiction of this court. See Rule 3-331(f) and CJ. 4-401(1).

[signature]

cc
11-12-14

15