**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v | *   Civil Action No. PJM-15-0060<br>* |
| JOSEPHAT MUA and<br>FRANCOISE VANDERPLAS, | *<br>*<br>* |
| Defendants. | *<br>*** |

**MEMORANDUM OPINION**

On January 15, 2015, Plaintiff California Casualty Indemnity Exchange, by its counsel, filed this Motion to Strike self-represented Defendants' Josephat Mua and Francois Vanderplas' Notice of Removal. (ECF 35). Plaintiff argues Defendants' Notice of Removal is untimely and improperly filed. Plaintiff states the case was fully adjudicated in the District Court of Maryland for Montgomery County, and is on appeal in the Circuit Court for Montgomery County.

**PROCEDURAL HISTORY**

Plaintiff states this case was filed in state court on July 8, 2014, raising a claim of unjust enrichment based on a double payout Defendants received as a result of a car accident on August 26, 2011. (ECF 35, Plaintiff's Ex. 1). Defendants were served with the Complaint on July 21, 2014. On October 3, 2014, Defendants moved to file a counterclaim. The District Court for Montgomery County granted the motion, but ordered the counterclaim filed by October 31, 2014. Defendants filed a counterclaim on November 3, 2014, which the state court struck as untimely. *Id*. Defendants thereafter filed a motion in the District Court for Montgomery County to transfer the case to federal court, and the motion was denied. *Id*.

On December 10, 2014, after a trial on the merits, judgment was entered in favor of Plaintiff. (ECF 35, Plaintiff's Ex. 2). On December 16, 2014, Defendants filed a Motion for Reconsideration and a request for a new trial, both of which were denied. Defendants then noted an appeal to the Circuit Court for Montgomery County. (ECF 35, p. 2 ).

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. *Id.* § 1446(a) & (b). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (stating removal jurisdiction is strictly construed). The removing party has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.; Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 726 (D. Md. 2006).

Here, Defendants have not satisfied the removal statute by filing in a timely manner.[1] Even were the Notice timely, however, remand and striking this the notice of removal are

---

[1] Other courts have found substantial compliance with § 1446(d) where a state court has actual notice of the removal notwithstanding a defendant's failure properly to file notice of removal. *See Johnson v. Citibank, N.A.* – F. Supp. 3d. __, 2014 WL 6865730 (D. Md. December 5, 2014). It does not appear that Defendants, who filed the Notice of Removal some six months after the state case against them was filed, have substantially complied with the requirements of the removal statute. Further, substantial compliance need not be considered because Defendants have not met their burden to show this Court has jurisdiction over this case as will be discussed herein.

appropriate because Defendant fails to set forth a valid basis for the Court to exercise subject matter jurisdiction over this matter. First, there is no basis for removal jurisdiction based on diversity, where both Defendants appear to be citizens of Maryland. 28 U.S.C. § 1441(b). (stating "an action is not removable if one or more defendants is a citizen of the state in which the action was brought.") (citing 28 U.S.C. § 1441(b)).[2] Alternatively, "[t]o remove an action based on federal question jurisdiction, the federal question 'must be an element, and an essential one of the plaintiff's cause of action,'" Defendants identify no constitutional provision or federal statute on which the state action could been originally filed in this court. To the extent Defendants are attempting to assert a counterclaim presenting a federal question, they provide no jurisdictional basis for removal because those claims were not the subject matter of the state court case they are attempting to remove.

## CONCLUSION

Accordingly, the Motion to Strike will be granted and this case will be remanded to the Circuit Court for Montgomery County. In light of the above, Defendants do not show good cause for an extension of time to respond to the Motion to Strike.  A separate Order granting Plaintiff's Motion to Strike (ECF 25) and denying Defendants' Motion for an Extension of Time (ECF 36) follows.

/s/
PETER J. MESSITTE
February 3, 2015                           UNITED STATES DISTRICT JUDGE

---

[2]  Additionally, the amount in controversy requirement for diversity of the parties' jurisdiction under 28 U.S.C. § 1332 is not met. (ECF 35, Ex. 1, Ex. 2, pp. 2-3).